IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 13
)
BALRAJ SINGH TAKHAR, ) No. 2:04-bk-17439-JMM
)
) **MEMORANDUM DECISION RULING ON**
)
) **MATTER UNDER ADVISEMENT**
)
Debtor. ) (Opinion to be Posted)

On June 29, 2005, this court heard Gina Gill ("Gill") and Birinder Singh's ("Singh") Motion to Allow Informal Proofs of Claim and Amendments to Informal Proofs of Claim. After reviewing the pleadings and the entire file, the court now rules.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTS

Balraj Singh Takhar ("Debtor") filed for Chapter 13 relief on October 4, 2004. Debtor's Schedule F lists $267,396.30 in general unsecured debt. Included in this unsecured debt are the two judgments at issue: an unsecured judgment in favor of Singh, in the amount of $40,000.00; and an unsecured judgment in favor of Gill, in the amount of $176,800.00. Debtor's Chapter 13 plan, filed October 18, 2004, proposes to pay $160 monthly over 36 months, for a total contribution of $5,760.00.

1

After subtracting $750 for attorneys' fees and $523.80 for compensation to the trustee, $4,486.20 remains to be distributed to the general unsecured creditors. This provides for a less than 2% payout to general unsecured creditors.

On January 18, 2005, Gill and Singh filed an Objection to Confirmation of Debtor's plan, asserting that (1) the plan was not filed in good faith; (2) the plan does not provide for a greater recovery for unsecured creditors than they would receive under a Chapter 7 liquidation; (3) the value of the property to be distributed under the plan to Gill and Singh is less than the amount of their claims; and (4) the plan does not provide that all of debtor's projected disposable income to be received during the life of the plan will be applied to make plan payments. Discovery commenced.

Subsequently, Debtor filed a Motion to Strike Gill and Singh's Objection to Confirmation for the reason that Gill and Singh were not holders of allowed claims and they therefore lacked standing to prosecute their Objection. Gill and Singh withdrew their Objection. Gill and Singh then filed a Motion to Allow Informal Proofs of Claim and Amendments to Informal Proofs of Claim. A hearing was held on June 29, 2005.

## ISSUE

Whether Gill and Singh's Objection to Debtor's Chapter 13 Plan can be allowed as an informal proof of claim, when Gill and Singh failed to file formal proofs of claim prior to the claims deadline?

## DISCUSSION

Gill and Singh argue that their actions and pleadings in this case prior to the claims deadline constitute an informal proof of claim to which the formal amendments they filed may relate back. "The doctrine of the 'informal proof of claim' is well established in the Ninth Circuit, which

2

Case 2:04-bk-17439-JMM    Doc 56    Filed 08/16/05    Entered 08/18/05 15:47:41    Desc
Main Document    Page 2 of 6

has 'long applied the so-called rule of liberality in amendments.'" *In re Edelman*, 237 B.R. 146, 154 (9th Cir. BAP 1999) (citations omitted).

"Objections to Chapter 13 plans may qualify as informal proofs of claim." *In re Rolyn*, 266 B.R. 453, 454 (Bankr.N.D.Cal. 2001), *citing In re Larson*, 245 B.R. 609, 614 n.1 (Bankr.D.Minn. 2000). However, the Objection to the Chapter 13 plan must meet the requirements for an informal proof of claim.

"For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and the amount of the claim against the estate, and evidence an intent to hold the debtor liable." *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991). The only relevant part of Gill and Singh's Objection to Debtor's Plan states:

> The Gill Creditors [Gill and Singh] are relatives of the Debtor but have a long history of litigation, in Arizona and India, with the Debtor. Indeed, both Gill and Singh currently hold judgments against the Debtor. Additionally, the Debtor has brought several lawsuits against the Gill Creditors, as well as other family members and acquaintances, in India, and the Gill Creditors have asserted a variety of defenses and counterclaims against the Debtor in those suits.

The creditor "must establish each of the elements that have consistently been required by the cases for over seventy-five years: (1) presentment of a writing; (2) within the time for the filing of claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; (5) the nature and amount of a claim asserted against the estate." *Edelman*, 237 B.R. at 155.

1. **Presentment of a Writing**

Gill and Singh filed their Objection to Debtor's plan in writing. Therefore, the first element has been satisfied.

3

### 2. Within the Time for the Filing of Claims

The claims deadline was February 15, 2005. Gill and Singh filed their Objection on January 18, 2005, well before the expiration of the claims deadline. Since Gill and Singh's Objection was filed within the time for the filing of claims, the second element has been satisfied.

### 3. By or on Behalf of the Creditor

Gill and Singh hired attorney Philip R. Rudd to file their Objection to Debtor's plan. Mr. Rudd filed the objection on behalf of Gill and Singh. Therefore, the third element has been satisfied.

### 4. Bringing to the Attention of the Court

Gill and Singh's Objection to Debtor's plan was properly filed on the court's docket. This clearly brought the attention of the court to the Objection. Indeed, several hearings were held on Gill and Singh's Objection. It is clear that the fourth element has been satisfied.

### 5. The Nature and Amount of a Claim Asserted Against the Estate

Gill and Singh's Objection does state the nature of the claim: it clearly states that both Gill and Singh currently hold judgments against the Debtor and that the nature of the claim arises out of a familial dispute. The description "judgment" has a specific legal meaning, which is a court's final determination of the rights and obligations of the parties in a case. Describing the claim as a judgment regarding a family dispute is sufficiently concrete; it implies that a court of competent jurisdiction has ruled in favor of Gill and Singh, and granted them a judgment.

4

However, Gill and Singh's Objection does not specifically state the amount of the claim asserted against the Debtor. The Ninth Circuit has held that "[t]he statement of the debt, together with the intent to hold the estate liable, must appear when the document submitted and the surrounding factual circumstances are 'reasonably construed.'" *In re Western States Drywall, Inc.*, 145 B.R. 661, 668 (Bankr.D.Idaho 1992), citing *In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1288 (9th Cir. 1986). The court must therefore not only examine the text of Gill and Singh's Objection, but also the circumstances surrounding it.

The circumstances surrounding Gill and Singh's Objection clearly show the nature of the claim, the amount of the claim, and an intent to hold the estate liable. Debtor's Schedule F lists and acknowledges a $40,000.00 judgment held by Singh, and a $176,800.00 judgment held by Gill. Debtor does not list either of these judgments as disputed, contingent or unliquidated. Additionally, Debtor's plan analysis, which calculates the estimated dividend under the plan at 2%, includes the judgments of Gill and Singh. If Debtor's plan did not contemplate paying Gill and Singh on their judgments, the estimated dividend under the plan would have been 9%. When the totality of circumstances surrounding Gill and Singh's Objection are construed, the amount of their debt "appears."

The circumstances surrounding Gill and Singh's Objection also clearly shows an intent by Gill and Singh to hold Debtor's estate liable. Gill and Singh were present at Debtor's Meeting of the Creditors. Gill and Singh filed an Objection to Debtor's plan, and Motions for 2004 Examinations of Debtor and various related entities and persons. These circumstances show a clear intent to hold Debtor liable.

## CONCLUSION

Gill and Singh's Objection to Debtor's Chapter 13 Plan thus meets all of the requirements of an informal proof of claim: it was in writing; it was filed within the time for the filing

5

of claims; it was filed by or on behalf of the creditor; it was brought to the attention of the court; and it stated the nature and amount of a claim asserted against the estate. Because Gill and Singh's Objection meets these requirements of an informal proof of claim, this court GRANTS Gill and Singh's Motion to Allow Informal Proofs of Claim. Additionally, this court GRANTS Gill and Singh's Motion to Amend their Informal Proofs of Claim because the Ninth Circuit has a long history of liberally allowing amendments.

A separate order will be entered concurrently with this Memorandum Decision.

DATED: August 16, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 16 day of August, 2005, upon:

Dennis Wortman
2700 North Central Avenue, Suite 850
Phoenix, AZ 85004
Email djwortman@azbar.org
Attorneys for Debtor

Philip R. Rudd
Kutak Rock LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
Email philip.rudd@kutakrock.com
Attorneys for Gill and Singh

Ronald L. Hoffbauer
PO Box 10434
Phoenix, AZ 85064
Attorneys for Chapter 13 Trustee, Edward Maney / U.S. Mail

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By MBThompson
Judicial Assistant