# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| BALRAJ SINGH TAKHAR, | ) | No. 2:04-bk-17439-JMM |
| Debtor(s). | ) | **MEMORANDUM DECISION** |

## ISSUES

Before the court are two related matters: (1) the Debtor's objection to two proofs of claim filed by Gurvinder S. Takhar, Amended Claim 6-2 and Claim 9 (Dkt. #90); and (2) Gurvinder S. Takhar's motion for stay relief (Dkt. #86) to resolve outstanding real property issues before other courts with jurisdiction over said property and/or issues.

## FACTS

The Debtor's plan was confirmed on May 31, 2005 (Dkt. #50). It is a five-year plan (from October 4, 2004). In the plan, the Debtor committed to make $160 monthly payments over a 60-month period. There is no indication that the Debtor is delinquent, or has otherwise defaulted under the plan.

The Trustee signed off on the confirmation order. In all respects, the plan satisfied the confirmation requirements of 11 U.S.C. § 1325(a). One of these requirements is the "best

interests of creditors" test, § 1325(a)(4), which means that creditors will receive as much under the plan as they would in liquidation. (*See* para. 2(e) of the confirmation order at Dkt. #50.)

The plan contemplates the completion of certain litigation between the Debtor and claimant Gurvinder S. Takhar, and periodic reporting by the Debtor to the chapter 13 Trustee concerning the status of that litigation. The Trustee has taken no position as to the instant controversies, nor has he filed a pleading which sets forth the status of such litigation.

As near as this court can discern from the pleadings filed by the parties, and from the statements made in open court on June 25, 2008, there exists <u>no</u> monetary claim owed to claimant Gurvinder S. Takhar by the Debtor. Any monetary claim that once existed, under the damages provision of a judgment entered by the Maricopa County Superior Court on January 22, 2002, has been satisfied.[1]

Thus, all that remains of the Superior Court's judgment is for these two parties to finalize their respective interests in real property in Jalandhar, Punjab, India.

## **THE MONETARY CLAIMS**

Any monetary claim against this Debtor is time-barred. The notice to creditors (Dkt. #6) set a deadline of February 15, 2005 within which to file claims. The recent claim, Claim 9, allegedly based on the Superior Court judgment, is ten times higher than the judgment allowed and was filed on December 14, 2007. In addition, the parties stipulated that the Superior Court's monetary judgment has been satisfied.

Gurvinder S. Takhar missed the deadline for filing a proof of claim by 34 months. Because the amount now claimed bears no relation to the satisfied monetary judgment, it cannot "relate back" and is time-barred.

---

[1] This fact was stipulated, in open court, on June 25, 2008.

The monetary provisions of the proof of claim will be disallowed. The Amended Claim 6-2 will be disallowed, as will Claim 9. No monetary liability exists between the Debtor and Gurvinder S. Takhar.

The Debtor's objections to those claims will be sustained.

## THE MOTION FOR STAY RELIEF

Gurvinder S. Takhar also requests stay relief in order to prosecute or continue with an action in India, in order to resolve ownership interests in property located in that country.

The Superior Court judgment of January 22, 2002, contemplated further quiet title actions relative to the India property. Similarly, so did the confirmation order entered by this court on May 31, 2005.

To the extent that title issues concerning the India property are still outstanding, those matters should be decided by other courts with appropriate jurisdiction, either in the United States or India.

Therefore, Gurvinder S. Takhar's motion to lift the stay, so that the parties can conclude that litigation, will be granted.[2] However, no judgment for monetary amounts may be included in any such judgments.

## CONCLUSION

The Debtor's objections to the monetary proofs of claim, Amended Claim 6-2 and Claim 9, will be SUSTAINED, and those claims disallowed, which means that Gurvinder S. Takhar may not participate as a claimant under any monetary distribution to be made by the chapter 13 Trustee.

---

[2] The Debtor's immigration status is not relevant to this procedural decision.

3

Gurvinder S. Takhar's motion for stay relief will be GRANTED to enable Gurvinder S. Takhar and the Debtor to resolve, in any court with appropriate jurisdiction, any claims of ownership to the India real property.[3]

Separate orders will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Dennis J. Wortman
Dennis J. Wortman, P.C.
202 East Earll Drive Ste 490
Phoenix, AZ 85012                                    Email: djwortman@azbar.org

Randy Nussbaum and Kevin J. Rattay
Jaburg & Wilk P.C.
7047 E. Greenway Pkwy, Suite 140                     Email kjr@jaburgwilk.com
Scottsdale, AZ 85254-001                             Email rxn@jaburgwilk.com

Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, AZ 85064-0434                               Email Edward.Maney@azbar.org

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ  85003-1706                              U.S. Mail

By /s/ M. B. Thompson
      Judicial Assistant

---

[3] To the extent that the outcome of this litigation may have any impact on the plan, then the chapter 13 Trustee may move to modify the plan at the appropriate time. 11 U.S.C. § 1329.